FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 03 2011 ★
BROOKLYN OFFICE

**Bennett, Giuliano, McDonnell & Perrone, LLP**
Attorneys for Plaintiff
JERMAINE SANDERS
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:  (646) 328-0120
Facsimile:  (646) 328-0121
Nicholas P. Giuliano

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 11-2156

------------------------------------------------------------X
JERMAINE SANDERS,

                            Plaintiff,

   -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JAMES COLE,
POLICE OFFICER CHANG, and POLICE OFFICERS
JOHN DOE #1 – 5, individually and in their official
capacity, (whose names being fictitious, the true names
being unknown to the plaintiff).

                            Defendants.
------------------------------------------------------------X

**SUMMONS ISSUED**

**COMPLAINT**

VITALIANO

AZRACK, M.J.

Plaintiff, JERMAINE SANDERS, by his attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, complaining of the defendants, respectfully sets forth and alleges:

### PRELIMINARY STATEMENT

1. Plaintiff, Jermaine Sanders, brings this action for monetary damages for violations of his civil rights, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, the constitution of the State of New York, and under the laws of the State of New York.

2. The claims arise from the unlawful and unjust arrest of plaintiff on February 5, 2010 and March 20, 2010, during which members of the New York City Police Department subjected plaintiff to, among other things, excessive and unreasonable use of force, assault, battery, false arrest, false imprisonment, and malicious prosecution.

3. Plaintiff seeks compensatory and punitive damages, and award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

5. Jurisdiction is founded upon 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 1343(a)(4). This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

6. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391 (b), in that this is the District in which the claim arose.

## PARTIES

7. Plaintiff is a citizen of the United States, is currently a resident of the City of New York, and at all times relevant to the allegations of this complaint was a resident of Kings County in the City and State of New York.

8. At all times mentioned herein, defendant, CITY OF NEW YORK ("City") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. At all times mentioned herein, defendant, NEW YORK CITY POLICE DEPARTMENT ("NYPD") was and still is an agency and/or department of the defendant CITY OF NEW YORK.

10. Defendant, CITY OF NEW YORK maintains the NEW YORK CITY POLICE DEPARTMENT, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, CITY OF NEW YORK.

11. At all relevant times in this action, the CITY OF NEW YORK employed defendants POLICE OFFICER COLE, POLICE OFFICER CHANG, and POLICE OFFICERS JOHN DOE #1 - #5.

12. At all relevant times and in all their actions, the defendants were acting under color of law and/or in compliance with the rules, regulations, laws, statutes, customs, usages and/or practices of the City and State of New York and pursuant to their authority as police personnel.

13. At all times relevant to this action, defendant CITY OF NEW YORK, defendant NYPD, and the 83rd Precinct, were policy makers with respect to training, supervision, and discipline of NYPD officers, including the other individually named defendants.

14. At all times relevant to this action, defendants, POLICE OFFICER COLE and POLICE OFFICER CHANG, were police officers employed by the New York City Police Department to perform duties in Kings County and were assigned to the 83rd Precinct.

15. At all relevant times, defendants were acting as the agents, servants, and employees of defendant, CITY OF NEW YORK.

16. The individually named defendants were at all times relevant to this complaint, duly appointed and acting officers of the police department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the City of New York and pursuant to their authority as police personnel.

17. The defendants are sued individually and in their official capacity.

18. At all times relevant to this action, defendant POLICE OFFICERS JOHN DOE #1 - #5 were police officers employed by the New York City Police Department to perform duties in the City of New York. These defendants' names are currently unknown and undiscoverable to plaintiff.

19. At all relevant times, POLICE OFFICERS JOHN DOE #1 - #5 were acting as the agents, servants, and employees of defendant The City of New York.

20. Defendants POLICE OFFICERS JOHN DOE #1 - #5 were at all times relevant to this complaint, duly appointed and acting officers of the police department of The City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of The City of New York and pursuant to their authority as police personnel.

21. These defendants are sued individually and in their official capacity.

22. All of the defendants' acts alleged herein were performed by said defendants while acting within the scope of their employment.

## FACTS

23. On February 5, 2010 at approximately 10:30 a.m., plaintiff was lawfully present and walking on Wilson Avenue, Brooklyn, New York.

24. Suddenly, without cause or justification, defendants stopped plaintiff, began to frisk him, and then violently, brutally, and viciously assaulted and battered plaintiff.

25. At the aforesaid time and place, defendants thereafter handcuffed plaintiff and took him into custody.

26. At the aforesaid time and place, plaintiff, while handcuffed and in custody of the defendants, was denied medical treatment.

27. As a result of the foregoing, plaintiff sustained severe bodily injuries, including but not limited to facial lacerations, lacerations to his legs and hips, and injuries to the head, neck, back, face, eyes, legs, arms, shoulders, ribs, chest, and abdomen.

28. Plaintiff asked defendants for their names and shield numbers but defendants refused to provide the requested information.

29. Plaintiff was transported to the 83rd Precinct where plaintiff was held overnight and then transported to Central Booking, where he was held for most of the day.

30. Plaintiff was charged with Possession of Marijuana (violation).

31. Plaintiff was held and detained in police custody until his release on or about February 6, 2010.

32. Since February 6, 2010, plaintiff has been required to make numerous court appearances in defense of the charges lodged against him by defendants.

33. The acts complained of were carried out by the aforementioned defendants in their capacity as police officers, pursuant to the customs, usages, practices, and the rules of the City of New York and the New York City Police Department.

34. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injury, pain and suffering, emotional distress, embarrassment, humiliation, a deprivation of his state rights and constitutional rights, loss of employment, incurred legal expenses in connection with the defense of the charges, incurred medical expenses, and expects to incur medical expenses in the future.

35. The abuse to which plaintiff was subjected was consistent with an institutionalized custom and practice of the New York City Police Department, which was known to and ratified by defendants CITY OF NEW YORK and NYPD.

36. Despite knowledge of these institutionalized customs and practices, defendants CITY OF NEW YORK and NYPD have at no time taken any effective action to prevent New York City police personnel from continuing to engage in this type of misconduct.

37. Defendants CITY OF NEW YORK and NYPD had prior notice of the vicious propensities of the individually named defendants but took no steps to train, retrain, or adequately supervise or discipline them to correct their abuse of authority or to discourage their unlawful use of authority.

38. On May 20, 2010 at approximately 2:00 p.m., plaintiff was lawfully present and walking on Moffat Street, Brooklyn, New York.

39. Suddenly, without cause or justification, defendants stopped plaintiff, began to frisk him, publicly humiliate him, and also assault and batter plaintiff.

40. Plaintiff was held and detained by the police during the frisk and then released without being arrested or charged.

41. The acts complained of were carried out by the aforementioned defendants in their capacity as police officers, pursuant to the customs, usages, practices, and the rules of the City of New York and the New York City Police Department.

42. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injury, pain and suffering, emotional distress, embarrassment, humiliation, a deprivation of his state rights and constitutional rights, loss of employment, incurred legal expenses in connection with the defense of the charges, incurred medical expenses, and expects to incur medical expenses in the future.

43. The abuse to which plaintiff was subjected was consistent with an institutionalized custom and practice of the New York City Police Department, which was known to and ratified by defendants CITY OF NEW YORK and NYPD.

44. Despite knowledge of these institutionalized customs and practices, defendants CITY OF NEW YORK and NYPD have at no time taken any effective action to prevent New York City police personnel from continuing to engage in this type of misconduct.

45. Defendants CITY OF NEW YORK and NYPD had prior notice of the vicious propensities of the individually named defendants but took no steps to train, retrain, or adequately supervise or discipline them to correct their abuse of authority or to discourage their unlawful use of authority.

## FIRST CAUSE OF ACTION

*(Deprivation of Federal rights under 42 U.S.C. Section 1983)*

46. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the City of New York and the New York City Police Department, which is forbidden by the Constitution of the United States.

48. That the aforementioned official customs, usages, practices, and procedures of the defendants CITY OF NEW YORK and NYPD were implemented and created by its employees, including those supervisory and/or commanding employees of the NYPD whose acts and/or omissions create "official policies, customs and/or practices" within the meaning of 42 U.S.C. 1983. Said official customs and practices included, but were not limited to, the following:

    a) Encouraging, allowing, and/or ratifying a policy and custom whereby senior commanding police officers cover up or otherwise hinder the disciplining and/or prosecution of those police officers under their command that have engaged in unjustified, unreasonable, and illegal use of force and search and arrest powers;

    b) Refusing to release to persons who claim they have been subject to unjustified, unreasonable, and illegal use of force and search and arrest powers by police officers the defendants' internal and official documents relative to the incidents that give rise to such claims;

  c) Maintaining a system for disciplining police officers and investigating civilian complaints of improper police conduct that is dominated and controlled by police department employees who are unable to be impartial and who systematically refuse to give proper weight to evidence of police misconduct;

  d) Tolerating the use of abusive language and sentiments among members of its police departments and failing to discipline or discharge those police officers who engage in such conduct;

  e) Failing to properly hire, train, and supervise police officers in a fashion that would encourage police officers not to engage in the unjustified, unreasonable, illegal, and abusive use of force and search and arrest powers, and in ratifying, justifying, and protecting from civil and criminal liability the acts of those police officers that are unjustified, unreasonable, and involve the illegal or abusive use of force and search and arrest powers;

  f) Maintaining and operating police Internal Affairs Units in which the supervisors of said Units engage in a systematic policy and practice of refusing to fully investigate complaints of police misconduct. Said supervisors also intentionally obstruct investigations of police misconduct by instructing those persons under their command not to seek relevant and necessary evidence to document claims of police misconduct;

  g) Failing to act to discipline, suspend, and/or otherwise take remedial action against those employees of the New York City Police Department who, while acting under the color of state law, violated the civil rights of members of the public;

h) Allowing, suffering, creating, and/or otherwise permitting an environment whereby a custom and practice known as "the wall of silence" exists. Said custom and practice involves a virtually uniform refusal by New York City police officers to testify truthfully about instances of police misconduct and civil rights violations. Said custom and practice involves either failing to testify about, or otherwise acting to prevent disclosure of, police misconduct and civil rights violations;

i) Allowing, suffering, creating and/or otherwise permitting an official policy, custom, and/or practice of hiring and retaining for employment police officers with predispositions to abuse and violate the civil rights of others. This policy, custom, and practice is evidenced, in part, by the CITY OF NEW YORK'S inadequate and/or non-existent attempts to screen applicants with such tendencies and exclude them from employment as police officers and/or discharge such persons from employment as police officers;

j) Active participation in, and/or condoning of, conspiracies by various members of its police force, including senior commanding and/or other supervisory police officers, to, while acting under color of state law, deprive persons of their civil rights;

k) Isolating the City of New York's law department from the discipline of police officers so that civil suits against police officers arising out of the scope of their employment are ignored without investigation or review by the police department. Such civil suits have no impact on the employment of these officers, including suits resulting in verdicts against the police officers;

    l)  Failing to discipline officers for making false statements to disciplinary agencies and courts with no procedure to notify officers' supervisors of unfavorable judicial review of their conduct in providing perjurious, exaggerated, or incredible testimony.

  49.  As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, plaintiff, JERMAINE SANDERS, was assaulted, battered, subjected to wanton and excessive use of force, unlawfully stopped, seized, detained, searched, imprisoned, arrested, and maliciously prosecuted.

  50.  If certain of the individual defendants did not themselves engage in tortious conduct or physically assault, batter, and abuse the plaintiff, or arrest him, said individual defendants failed to prevent the physical assault, battery, arrest, and abuse of the plaintiff and other tortious conduct by the other individual defendants despite having a duty to do so, said failure being either intentional and/or in gross disregard of the civil rights of the plaintiff.

  51.  By the actions described above, defendants CITY OF NEW YORK and NYPD, by the acts of its employees, including the individual defendants, in furtherance of the said official policies and/or customs, deprived plaintiff of the following clearly established and well-settled constitutional rights:

    a.  Freedom from the use of excessive and unreasonable force;

    b.  Freedom from unreasonable stops, frisks, searches, and seizures;

    c.  Freedom from the deprivation of liberty and summary punishment without due process of the law;

52. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department deprived plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the First, Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. Sections 1983, 1985 (2) (3), 1986, and 1988, and were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

53. As a result of the foregoing, the plaintiff has suffered physical pain, sustaining severe and permanent personal injuries, psychological injuries, and has further suffered loss of freedom, loss of quality and/or enjoyment of life, legal and out of pocket expenses, past medical expenses, and further medical expenses to be incurred in the future.

54. The foregoing acts of the defendants were so egregious and reprehensible, and were performed in a manner which so violates the law and were so outrageous, that it constitutes conduct that no civilized society should be required to tolerate.

55. As a result of the foregoing, plaintiff has been damaged in an amount to be determined at trial and is further entitled to punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### *(Assault and Battery)*

56. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57. On May 4, 2010, and within ninety (90) days of the date in which this claim arose, plaintiff caused Notices of Claim to be duly served upon defendants.

58. That more than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been neglected or refused by defendants.

59. Defendants failed to request a hearing pursuant to General Municipal Law Section 50-h with respect to the claim that accrued on March 20, 2010.

60. That this action is commenced within one year and ninety days after the cause of action accrued.

61. Plaintiff has complied with all conditions precedent to the commencement of this action.

62. That this action falls within one or more of the exceptions set forth in Article 16 of the C.P.L.R.

63. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

65. Defendants physically struck plaintiff in a harmful, violent, vicious, intentional, offensive, and unwanted manner.

66. Defendants assaulted and battered plaintiff without any provocation, reasonable cause, or justification.

67. As a result of the foregoing, the plaintiff has suffered physical pain, sustaining severe and permanent personal injuries, psychological injuries, and has further suffered loss of quality and/or enjoyment of life, past medical expenses, and further medical expenses to be incurred in the future.

68. As a result of the foregoing, plaintiff has been damaged in an amount to be determined at trial and is further entitled to punitive damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### *(Excessive Use of Force and Negligence)*

69. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants carelessly, negligently, and recklessly used excessive force against the plaintiff in the course of effecting the aforementioned arrests.

71. All of the aforementioned acts of the defendants alleged herein were performed by said defendants while acting within the scope of their employment.

72. Defendants' excessive use of force was without any provocation, reasonable cause, or justification.

73. As a result of the excessive force and negligence, the plaintiff has suffered physical pain, sustaining severe and permanent personal injuries, psychological injuries, and has further suffered loss of quality and/or enjoyment of life, past medical expenses, and further medical expenses to be incurred in the future.

74. As a result of the foregoing, plaintiff has been damaged in an amount to be determined at trial and is further entitled to punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### *(False Arrest and False Imprisonment)*

75. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "74" with the same force and effect as if fully set forth herein.

76. Plaintiff was arrested and imprisoned without a warrant for his arrest.

77. Plaintiff was conscious of and did not consent to the confinement.

78. There was no justification, probable or reasonable cause, or privilege for the confinement.

79. As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal and improper search and seizure, and false arrest by the defendants, and taken into custody and caused to be falsely imprisoned, detained, and confined in wanton and reckless disregard for plaintiff's constitutional rights.

80. As a result of the foregoing, plaintiff has been damaged in an amount to be determined at trial and is further entitled to punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### *(Malicious Prosecution)*

81. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants acted with malice in commencing and prosecuting a criminal proceeding against plaintiff in wanton and reckless disregard for plaintiff's state law and constitutional rights.

15

83. There was no probable cause, reasonable grounds, or justification for the arrest and/or prosecution of plaintiff.

84. As a result of the foregoing, plaintiff has been damaged in an amount to be determined at trial and is further entitled to punitive damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

*(Negligent Hiring, Training, Supervision, and Retention)*

85. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendant CITY OF NEW YORK was careless, reckless, and otherwise negligent in hiring, training, supervising and retaining as and for its employees, the individually named defendants.

87. Defendants lacked the maturity, sensibility, moral character, and intelligence to be employed or remain employed by the defendant CITY OF NEW YORK.

88. Defendant CITY OF NEW YORK knew or should have known that the said employees lacked the ability, competence, deportment, experience, maturity, and moral character to be employed or remain employed by the defendant CITY OF NEW YORK.

89. Defendant CITY OF NEW YORK failed to adequately investigate, supervise or monitor the individually named defendants' daily activities and transactions.

90. Defendant CITY OF NEW YORK could reasonably have anticipated that the individually named defendants' lack of ability, competence, deportment, experience, maturity, and moral character would likely result in injury to others.

91. That the aforesaid occurrences, to wit: excessive force, assault and battery, false imprisonment, false arrest, malicious prosecution, and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants, and employees without any negligence on the part of the plaintiff.

92. As a result of the foregoing, plaintiff has been damaged in an amount to be determined at trial and is further entitled to punitive damages in an amount to be determined at trial.

### JURY DEMAND

93. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, on all causes of action in an amount to be determined at trial; punitive damages in an amount to be determined at trial; together with an award of costs, disbursements, interest, and reasonable attorneys' fees in this matter.

Dated: New York, New York
       May 3, 2011

Bennett, Giuliano, McDonnell & Perrone, LLP

_____
Nicholas P. Giuliano
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:   (646) 328-0120

TO:   City of New York and New York City Police Department
      c/o Corporation Counsel
      New York Law Department
      100 Church Street, 4th Floor
      New York, New York 10007

Casework\X Cases\X134 JSander\Pleadings\Complaint-041811